IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60445
Summary Calendar
_____

PATRICIA M. JOHNSON,

Plaintiff-Appellant,

versus

EARTH GRAINS BAKING COMPANY, doing
business as COLONIAL BAKING COMPANY
OF MISSISSIPPI, INCORPORATED,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(86-CV-71)
---------------------

December 1, 1999

Before POLITZ, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this appeal from the district court's grant of her employer's motion for summary judgment, dismissing her sex discrimination case under Title VII, Plaintiff-Appellant Patricia M. Johnson insists that her summary judgment evidence is sufficient to establish a prima facie case — or at least to create a genuine dispute of material fact — that sexual discrimination produced an adverse employment action. She contends that when her position was eliminated in a reduction in force (RIF), an open position was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

given to a less qualified fellow employee who was male rather than to her, solely because she was female. She also asserts that her employer's proffered reason for filling the position with her male co-worker was pretextual.[1] In our de novo review of the district court's grant of summary judgment, we reach the same conclusion as did that court and therefore affirm.

Both Johnson and her employer have advised us that there is no "need for oral argument" in this case, and we agree: The issues are straightforward and clearly presented by the summary judgment record on appeal, and the law is well-established. We have, therefore, carefully reviewed the record on appeal and the appellate briefs submitted by able counsel and, like the district court before us, have applied the applicable law to the material facts, about which we discern no genuine disputes. Clearly, Johnson was a member of the protected class (female), was adversely affected by her employer's decision to eliminate her position in the course of a RIF, and was qualified for the alternative position that her employer ultimately gave to a male co-worker. To establish a prima facie case for such a RIF situation, however, it was necessary for Johnson to prove, or at least create a genuine issue of material fact, that the alternative position was given to her co-worker rather than to her because of her sex. This she has failed to do. We do not question Johnson's genuine belief that the

---

[1] In addition to her claim for sexual discrimination in employment, Johnson had also advanced an equal pay claim; however, Johnson does not appeal the district court's dismissal of her equal pay claim.

2

only reason the job was given to her fellow employee, who had slightly less seniority than she, is the fact that she is female, and that the reasons verbalized by her employer regarding her co-worker's specific experience and familiarity with the requirements and territory of the new job were a pretext to obfuscate sexual discrimination. The evidence submitted by Johnson, however, simply does not support her subjective belief or rise to the level necessary to demonstrate the existence of a factual dispute that is material and genuine.

On the contrary, the evidence demonstrates that Johnson and her male counterpart were essentially equal in seniority, experience, ability, performance history, and overall qualification for the open position. Although Johnson expresses reasons for her belief that she is better qualified, the objective evidence regarding the male employee to whom the position was given demonstrates essential equipoise in qualifications. And the law is well settled that, absent any affirmative indicia of unlawful discrimination, an employer is entitled to choose among job candidates of approximately equal qualifications. Stated differently, unless the employee or job candidate is clearly better qualified, i.e., unless differences in qualification are so obvious that no impartial arbiter "could have chosen the candidate selected over the plaintiff for the job in question,"[2] courts will not second guess employers' decisions of this nature. This is

---

[2] Deines v. Texas Dept. of Protective & Regulatory Servs., 164 F.3d 277, 281 (5th Cir. 1999).

particularly true when, as in the instant case, the non-discriminatory reasons for the decision, as advanced by the employer, are not refuted or contradicted by the objective evidence.

For the reasons set forth in greater detail in the Memorandum Opinion of the district court, filed on May 28, 1999, we conclude that the court's ruling was correct. We therefore affirm the summary judgment appealed.

AFFIRMED.